IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LONNIE J. WASHBURN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT AND DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Case No. 2:19-cv-00351-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Before the court are Plaintiff Lonnie J. Washburn's Motion for Entry of Default Judgment[1] and Defendant United States Postal Service's (USPS) Motion to Vacate Entry of Default.[2] For the following reasons, USPS's Motion to Vacate is GRANTED and Washburn's Motion for Default Judgment is DENIED as moot.

## BACKGROUND

Washburn commenced this action in May 2019 by filing his Complaint against USPS.[3] Washburn amended that complaint in June 2019.[4] After failing to serve USPS with the Amended Complaint pursuant to Federal Rule of Civil Procedure 4, Washburn was ordered, in February 2020, to do so.[5] Washburn complied with that order on or about February 21, 2020.[6]

---

[1] Dkt. 15.

[2] Dkt. 20.

[3] Dkt. 3.

[4] Dkt. 5.

[5] *See* Dkt. 10.

[6] *See* Dkt. 13.

1

USPS never filed an answer to the Amended Complaint, and Washburn moved the court for an entry of default[7] and default judgment[8] in April 2020. The court entered an Order of Default against USPS on May 18, 2020.[9] The court has not entered default judgment against USPS.

On June 9, 2020, USPS moved to vacate the entry of default pursuant to Federal Rule of Civil Procedure 55(c), in part, because the Summons and Amended Complaint had been inadvertently mixed with another case's file.[10]

## LEGAL STANDARD

Rule 55(c) permits the court to set aside "an entry of default for good cause."[11] Whether good cause exists is "a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b)."[12] To determine if the defaulting party has met its burden, courts look to three factors: "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[13] The court is not required to consider every factor and "may consider other factors."[14] Further, whether good cause exists is left "to the sound discretion of the trial court,"[15] which recognizes that "[d]efault judgments are disfavored."[16]

---

[7] *See* Dkt. 14.

[8] *See* Dkt. 15.

[9] *See* Dkt. 19.

[10] Dkt. 20 at 1–2.

[11] Fed. R. Civ. P. 55(c).

[12] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted).

[13] *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. 1995) (unpublished) (citation omitted).

[14] *Id.* (citation omitted).

[15] *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987).

[16] *Polaski v. Colo. Dept. of Transp.*, 198 F. App'x 684, 685 (10th Cir. 2006) (unpublished) (citation omitted).

## ANALYSIS

Applying the factors listed above, the court finds that good cause exists to set aside the entry of default.

First, "[g]enerally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default."[17] Here, USPS did not act willfully by not answering the Amended Complaint. Instead, USPS failed to answer the Amended Complaint because the Summons, Complaint, and Amended Complaint served on it were mistakenly placed in another case's file.[18] When USPS discovered the oversight, it moved to set aside the Order of Default the same day.[19] Thus, USPS's conduct is not culpable because it has a valid excuse for its failure to answer the Amended Complaint.

Next, Washburn will not be prejudiced by the court vacating its Order of Default. Washburn disagrees, arguing he will be prejudiced because he "is entitled to a timely outcome" and vacating the default will prolong resolution of his claims.[20] But the delay in this action can fairly be attributed to Washburn, not USPS. It took Washburn more than eight months to serve USPS with his Amended Complaint, which he did only after the court ordered him to.[21] Nor has Washburn identified any prejudice he may experience if this action is further delayed by allowing it to be decided on its merits.

Lastly, USPS may have meritorious defenses to Washburn's claims. USPS argues it rightly denied Washburn's claims at the administrative level pursuant to its administrative rules.[22]

---

[17] *Hunt*, 1995 WL 523646, at *3 (citation omitted).

[18] Dkt. 20 at 1–2.

[19] *Id.* at 1.

[20] Dkt. 22 at 3.

[21] *See* Dkt. 10.

[22] *See* Dkt. 20 at 4; *see also* Dkt. 23 at 3.

Further, in response to Washburn's argument that USPS has not raised any defenses to his claims, USPS argues this court may lack subject matter jurisdiction.[23] The court would not ordinarily consider an argument raised for the first time in a reply memorandum, but does so here because a party may argue the court lacks subject matter jurisdiction "at any point in the litigation."[24] Thus, although the court will not consider the merits of USPS's claimed defense at this stage, USPS has raised potentially meritorious defenses.[25]

In sum, each of the factors addressed above favors the court setting aside its Order of Default against USPS.

## CONCLUSION

For the reasons addressed above, USPS's Motion to Vacate Entry of Default Judgment[26] is GRANTED, the Order of Default[27] is VACATED, and Washburn's Motion for Default Judgment[28] is DENIED.  It is further ordered that USPS shall respond to the Amended Complaint no later than July 10, 2020.

SO ORDERED THIS 23rd day of June 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
Chief District Court Judge

---

[23] Dkt. 23 at 3–4.

[24] *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

[25] *See Bell v. Magna Times*, No. 2:18CV497DAK, 2020 WL 707828, at *2 (D. Utah Feb. 12, 2020) (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("While the court does not determine the merits of the claimed defenses at this stage, courts generally prefer to resolve disputes on their merits, if possible.")).

[26] Dkt. 20.

[27] Dkt. 19.

[28] Dkt. 15.